IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 7:15-cv-00043-O |
| v. | ) | |
| | ) | |
| 0.23 ACRES OF LAND, MORE OR | ) | |
| LESS, SITUATE IN YOUNG COUNTY | ) | |
| TEXAS, M. C. COLLINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Before the Court is Plaintiff's motion to determine title. (ECF No. 34). This matter was referred to the undersigned for hearing, if necessary, and determination or recommendation to the District Court. (ECF No. 36). The United States, acting as amicus curiae, has recommended that the Court find the title owner of the property, as of the date of taking, were the heirs of M.C. Collins and wife, Maude Collins. Testimony was presented by the United States and by Floyd Price at a hearing on June 21, 2016. Having heard and considered the motion, the Court makes the following findings of fact:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

2. This is an eminent domain case brought pursuant to 40 U. S. C. §§ 3113 and 3114 to acquire 0.23 acres of unoccupied and unimproved land in Graham, Texas.

3. As evidenced by the Stewart Title Insurance Policy, Exhibit 1 to the Motion to Determine Title (ECF No. 35-1), the property was owned by M.C. Collins and wife, Maude Collins, both deceased.

1

4. Both owners died intestate.

5. M.C. Collins had heirs from a previous marriage, but it was not possible to locate them.

6. Maude Collins' heir was her nephew, Floyd Price, who was located.

7. The United States filed this action to acquire the subject property, depositing $10,000 as estimated just compensation.

8. Floyd Price was served.

9. The United States, pursuant to Rule 71.1(d)(3)(B) of the Federal Rules of Civil Procedure ("FRCP"), served by publication any remaining potential unknown owners.

10. Service is complete.

Based upon the foregoing findings of fact, the Court concludes:

1. The owner of the taken property, on the date of taking, were the heirs of M.C. Collins and wife, Maude Collins.

2. Title to the subject property transferred to the United States upon the filing of the Declaration of Taking and the deposit of estimated just compensation, as provided by 40 U.S.C. § 3114(b).

3. The full just compensation payable by Plaintiff, United States of America, for the taking of the property identified in the Complaint and Declaration of Taking (ECF Nos. 1 and 3) filed herein shall be the sum of $10,000 inclusive of interest, that amount previously having been deposited by the United States as estimated just compensation.

4. The heirs of M.C. Collins through his previous marriage are entitled to one-half (1/2) ($5,000) of the proceeds from the condemnation of the subject property.

5. Floyd Price, the heir of Maude Collins, is entitled to one-half (1/2) ($5,000) of the

proceeds from the condemnation of the subject property.


<u>Recommendation</u>

Based upon the foregoing findings of fact and conclusions of law, I recommend to the District Court that a Final Judgment be entered against Plaintiff in the previously deposited sum of $10,000 (said sum being full and just compensation) in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and the taking of the said lands and all appurtenances thereunto. I further recommend that Final Judgment be entered allocating said sum of $10,000.00 in equal shares to the heirs of M.C. Collins, and to Floyd Price, heir of Maude Collins. By said judgment the Court should order the Clerk of the Court to draw a check and make a distribution to Floyd Price of $5,000.00, together with any apportioned interest accrued thereon while in the Registry of the Court, by check made payable to Floyd Price, and mail said check to Floyd Price, 517 N. 16th Street, Waco, TX 76707. By said judgment the Court should order the Clerk of the Court to retain the remaining deposited funds for five years following entry of judgment and provide that the heirs of M.C. Collins may submit a claim to the Court, and upon full proof of the right thereto, obtain an order directing payment of the funds. Further, pursuant to 28 U.S.C. § 2042, said judgment should direct the Clerk to thereafter deposit those funds into the Treasury in the name and to the credit of the United States and provide that thereafter any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment.

It is **SO ORDERED** on this 23rd day of June, 2016.

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

### Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).